Exhibit F



Brian J. Brandstetter
Assistant General Counsel
bbrandstetter@wentwood.com
Direct Dial: 817-349-7345

December 17, 2018

*VIA E-MAIL*
DDavenport@Winthrop.com

David A. Davenport, Esq.
Winthrop & Weinstine, P.A.
225 South Sixth Street
Suite 3500
Minneapolis, Minnesota 55402

Re: *Urban Danville Limited Partnership (the "Partnership")*
*Urban 8 Danville Corporation (the "General Partner" or the "GP")*
*Vermilion House Apartments (the "Project" or the "Property")*
*Nationwide Affordable Housing Fund 4, LLC, formerly known as Nationwide*
*Affordable Housing Fund IV: A Provident Tax Credit Fund, LLC (the "Fund")*
*SCDC, LLC (the "Special Limited Partner" or the "SLP")*

Dear Mr. Davenport:

I am counsel for the Special Limited Partner. In a July 24, 2018 email from Andrew Delman to Tami Holtz, attached to the Complaint in *Urban 8 Fox Lake Corporation, et al. v. Nationwide Affordable Housing Fund 4, LLC, et al.*, Court File No. 1:18-cv-06109 (N.D. Ill.), Mr. Delman asserted that the General Partner had exercised a purchase option provided for in the Urban Danville Limited Partnership Agreement of Limited Partnership dated August 15, 2003, as amended (the "LPA") and that it had transmitted a copy of the required appraisal in February of 2018. Mr. Delman and your office were advised that no such appraisal or option exercise had been received. Accordingly, on several occasions, it was requested, either to Mr. Delman directly or through your office, that a copy of what was claimed to have been sent in February of 2018 be sent again. Despite requesting this information several times, it has not been forthcoming. In fact, in an October 11, 2018, email to Marc Al, your law partner Christina Rieck

David A. Davenport, Esq.
Winthrop & Weinstine, P.A.
December 17, 2018
Page 2 of 3

Loukas wrote that she was, "unclear why Wentwood [sic] is taking the position that they have not received communications from Mr. Delman." Then, after yet another request, Ms. Loukas stated in a November 15, 2018, email to Mr. Al that this item, "will be addressed in due course." To date, it has not. Since the information has still not been received, it must be assumed that it was never sent. In light of that fact, I now write on behalf of the Special Limited Partner to request that the General Partner offer for sale and sell the Property pursuant to the terms of the LPA.

> Section 6.5 (G) of the LPA provides as follows:
>
>> G. If requested to do so by the Special Limited Partner at any time after the expiration of the option granted in Section 6.16 (or any later date to which the Partnership may have agreed with the Credit Agency to defer its opportunity to make such submission), the General Partners shall submit a written request to the Credit Agency to find a Person to acquire the Partnership's interest in the Property and/or take such other action permitted or required by the Code as the Special Limited Partner may reasonably request to effect a sale of the Property or to terminate the extended use commitment of Section 42(h)(6)(B) of the Code.

Likewise, Section 6.5 (H) of the LPA provides:

>> H. If requested to do so by the Special Limited Partner at any time after the expiration of the option granted in Section 6.16, the General Partners shall offer the Property for sale.

Section 6.16 of the LPA defines the Option Period to be, "any time during the period beginning with the expiration of the Compliance Period and ending on the date which is nine (9) months from the expiration of the Compliance Period." The Compliance Period for the Property expired on December 31, 2017. Because the General Partner did not exercise its Option (or has failed to provide any evidence that it exercised its Option), the Option Period expired on September 30, 2018. Accordingly, pursuant to the provisions of Sections 6.5 (G) and 6.5 (H) of the LPA quoted above, the Special Limited Partner hereby requests the General Partner to offer the Property for sale and to sell the Property. Please note that Sections 6.5 (G) and 6.5 (H) both contain the mandatory word "shall."

David A. Davenport, Esq.
Winthrop & Weinstine, P.A.
December 17, 2018
Page 3 of 3

    We ask that the General Partner please keep Tami Holtz updated on the sale process and provide her with all relevant documentation, such as any listing agreements with brokers, any offers by prospective buyers, etc. Pursuant to Section 6.5 (G), we request that the General Partner use a reputable national broker with significant experience marketing and selling LIHTC properties. If you would like, we can recommend a broker or brokers to assist in the sale of the Property.

                                              Sincerely,

                                              Brian Brandstetter

cc:    Dave Sebastian, President, Wentwood Capital Advisors (via e-mail)
        Tami Holtz, Wentwood Capital Advisors, L.P. (via e-mail)